# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| IFS FINANCIAL CORPORATION, | § | Bankruptcy Case No. 02-39553 |
|    Debtor | § | Adversary no. 04-3780 |
| ------------------------------------------------ | | |
| EDUARDO GARCIA LECUONA, | § | |
| *et al.*, | § | **CIVIL ACTION NO. H-09-2901** |
|    Movants. | § | |

## MEMORANDUM AND ORDER

Eduardo Garcia Lecuona, Luis Esteve de Murga, Money Services Group, Inc., and Intercam Casa de Cambio, S.A. de C.V. ("Movants") have filed a Motion for Leave to Appeal ("Motion") [Doc. # 2], seeking leave to pursue an interlocutory appeal from the United States Bankruptcy Court's denial of their Motion to Dismiss for lack of personal jurisdiction.[1] Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion and **dismisses** this civil case.

The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal an interlocutory order of a bankruptcy court, but it has recognized that many district courts use the standard applied under 28 U.S.C. § 1292(b) for interlocutory appeals to the various courts of appeals. *See Ichinose v.*

---

[1] Movants first requested leave from the Bankruptcy Court for this appeal. The Bankruptcy Court denied leave. *See* Order [Doc. # 266 in Adversary No. 04-3780].

*Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991).  To be appealable under this standard, an interlocutory order of the bankruptcy court must involve a controlling issue of law upon which there is substantial ground for difference of opinion.  *Id.*  Additionally, the district court must find that an immediate appeal of the interlocutory order would materially advance the ultimate termination of the bankruptcy case.  *Id.*

In this case, the Court finds that there is no basis to allow an interlocutory appeal from the Bankruptcy Court's denial of Movants' Motion to Dismiss for lack of personal jurisdiction.  The ruling set forth in the Amended Memorandum Opinion [Doc. # 259 in Adversary No. 04-3780] does not involve a controlling issue of law upon which there is substantial ground for difference of opinion.  The Bankruptcy Court cited and applied the correct, well-established legal standard for personal jurisdiction and found that it had specific personal jurisdiction over Movants.

An immediate appeal of the interlocutory order would not materially advance the ultimate termination of the adversary or the bankruptcy case but would, instead, delay the ultimate termination while the parties pursue this appeal.[2]  Although expressly not a ruling on the merits of the Bankruptcy Court's ruling on personal

---

[2] Movants have also filed a Motion for Stay of Bankruptcy Proceedings Pending Resolution of Appeal ("Motion for Stay") [Doc. # 3].  Because the Court denies the Motion for Leave to Appeal, the Motion for Stay is denied as moot.

jurisdiction, the Court notes that the Bankruptcy Court applied the correct legal principles and the ruling appears to be well-reasoned.

Additionally, there are no exceptional circumstances that would justify immediate review under the collateral order doctrine first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and discussed by the Fifth Circuit in *In re Delta Servs. Indus.*, 782 F.2d 1267 (5th Cir. 1986). Accordingly, it is hereby

**ORDERED** that the Motion for Leave to Appeal [Doc. # 2] is **DENIED** and this civil action is **DISMISSED**. It is further

**ORDERED** that the Motion for Stay [Doc. # 3] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 14th day of **October, 2009.**

Nancy F. Atlas
United States District Judge